**E-FILED**
Wednesday, 04 April, 2012 02:59:13 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

UNITED STATES OF AMERICA, ex rel. DISMISSED RELATOR, and THE STATE OF ILLINOIS, ex rel. DISMISSED RELATOR,

Plaintiffs,

v. ) No. 11-3279

RUBY MURCHISON, individually, and L & L MEDICAL TRANSPORTATION, INC., an Illinois corporation,

Defendants.

OPINION

SUE E. MYERSCOUGH, United States District Judge:

This cause is before the Court on Defendants L & L Medical Transportation's and Ruby Murchison's Motion to Vacate Default Judgment Pursuant to Section 55(c) of the Federal Rules of Civil Procedure and to Grant Defendants Leave to Answer or Otherwise Plead (Motion to Vacate) (d/e 11). For the reasons that follow, the Motion to Vacate is GRANTED.

## I. BACKGROUND

Plaintiffs, the United States of America and the State of Illinois, filed an Amended Complaint on November 9, 2011. Defendants were served with Summons and the Amended Complaint on November 23, 2011. Defendants failed to answer or otherwise plead in a timely manner.

On January 3, 2012, the United States Magistrate Judge entered an Order of Default against Defendants pursuant to Federal Rule of Civil Procedure 55 and the Standing Order of this Court dated April 15, 2011. The United States filed a Notice of Entry of Default Order on January 5, 2012, and mailed a copy to Defendants.

On January 18, 2012, Plaintiffs filed a Motion for Default Judgment in which they requested a hearing in order to present their loss and damages calculations. This Court set a hearing on the matter for February 6, 2012. On February 2, 2012, Defendants filed the instant Motion to Vacate. The Court then vacated the February 6, 2012, hearing on damages and ordered the Plaintiffs to respond to the Motion

to Vacate. Plaintiffs have responded.

## II. ANALYSIS

Federal Rule of Civil Procedure 55(c) provides that "[t]he Court may set aside an entry of default for good cause." Fed.R.Civ.P. 55(c). "A party seeking to vacate an entry of default prior to the entry of final judgment must show: '(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" Cracco v. Vitran Express, Inc., 559 F.3d 625, 630-31 (7th Cir. 2009) (quoting Sun v. Bd. of Trs. of the Univ. of Ill., 473 F.3d 799, 810 (7th Cir.2007); see also Fed.R.Civ.P. 55(c). "While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test 'is more liberally applied in the Rule 55(c) context.'" Cracco, 559 F.3d at 631 (quoting United States v. Di Mucci, 879 F.2d 1488, 1495 (7th Cir. 1989)). Seventh Circuit case law articulates a policy of favoring trial on the merits over default judgment. Cracco, 559 F.3d at 631 (citations omitted).

In their Motion to Vacate, Defendants maintain the Entry of

Default should be vacated because Defendant Murchison is an elderly person, she did not understand the documents with which she was served, and she needed to make financial arrangements in order to obtain the funds to retain counsel. The Motion to Vacate also asserts that Defendants believe there is a meritorious defense in that many of the claims in the Amended Complaint overlap audits by Medicaid for which there has already been a final administrative decision and the claims are barred by res judicata. Moreover, Defendants claim the Amended Complaint does not allege action with particularity for which Murchison would have individual liability under the False Claims Act, nor any other count alleged. Finally, Defendants contend that the individual counts of the Amended Complaint do not allege violations of the Federal False Claims Act, where the allegations, such as duplicate billings, if proven true, reflect erroneous billing systems and malfunctioning government software and not intentional or fraudulent conduct on the part of Defendants.

While Defendants excuses for not answering or otherwise pleading

in a timely manner are weak, Rule 55(c) only "requires 'good cause' for the judicial action, not 'good cause' for the defendant's error." Sims v. EGA Products, Inc., 475 F.3d 865, 868 (7th Cir. 2007). "Damages disproportionate to the wrong afford good cause for judicial action, even though there is no good excuse for the defendant's inattention to the case." Id. (Emphases in original). Here, Plaintiffs are requesting a judgment against Defendants in the amount of $1,240,595.56. The Court believes a default judgment in that amount is disproportionate to Defendants' inattention to the case. This is especially the case where, as here, Defendants filed the Motion to Vacate roughly 30 days after the Entry of Default. Plaintiffs have suffered no prejudice by the delay and Defendants assert that they have meritorious defenses. Given the Seventh Circuit's preference for trial on the merits over default judgment, this Court determines that the most appropriate course of action is to allow this case to proceed on the merits.

## III. CONCLUSION

THEREFORE, Defendants' Motion to Vacate (d/e 11) is

GRANTED and Plaintiffs' Motion for Default Judgment (d/e 10) is DENIED. It is ORDERED that the Entry of Default (d/e 8) against Defendants be set aside. Defendants shall answer or otherwise plead by April 20, 2012. This case is referred back to Judge Cudmore for further pre-trial proceedings.

ENTERED: April 3, 2012.

FOR THE COURT:

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATE DISTRICT JUDGE