UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. DISMISSED RELATOR, and THE STATE OF ILLINOIS ex rel. DISMISSED RELATOR, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 11-3279 |
| RUBY MURCHISON, individually, and L & L MEDICAL TRANSPORTATION, an Illinois corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on the Motion to Dismiss the Amended Complaint (Motion to Dismiss) (d/e 19) filed by Defendants Ruby Murchison and L & L Transportation, Inc. (L & L).[1] For the reasons that follow, Defendants' Motion to Dismiss is denied.

---

[1] Murchison and L & L are collectively referred to as "Defendants" throughout this Opinion.

I. BACKGROUND

In November 2006, Relator brought an action on behalf of the United States (Government) and the State of Illinois (State) against L & L and numerous other defendants alleging violations of the federal False Claims Act (FCA) (31 U.S.C. § 3729 et seq.) and what was at that time known as the Illinois Whistleblower Reward and Protection Act (Whistleblower Act) (740 ILCS 175/1 et seq.). The Whistleblower Act is now known as the Illinois False Claims Act (IFCA).

On March 24, 2010, after several extensions of time to consider whether to intervene, the Government filed The Government's Notice of Election to Intervene in Part and to Decline to Intervene in Part. The Government indicated its election to intervene as to several defendants, including L & L. The next day, the State filed its notice of intent to join the United States in intervening as to several defendants, including L & L.

On August 8, 2011, the Government and the State (collectively referred to as "Plaintiffs") filed a Complaint against L & L. See d/e 1.

The Complaint was a copy of the Relator's November 2006 complaint with the allegations relating to non-L & L defendants redacted. On November 9, 2011, Plaintiffs filed an Amended Complaint against Defendants. See d/e 2.

The Amended Complaint contains four counts. Count I is brought by the United States and alleges Defendants made false claims under the FCA, 31 U.S.C. § 3729(a). Count III is a claim brought by the State under the IFCA, 740 ILCS §§ 175/1-8. Counts II and IV are brought by both the United States and the State and allege unjust enrichment and payment under mistake of fact, respectively.

The Amended Complaint alleges that since at least March 30, 2005, Defendants knowingly participated in various schemes and artifices to defraud and obtain money from Plaintiffs by means of false and fraudulent claims and statements. Specifically, the Amended Complaint alleges that Defendants engaged in fraudulent schemes, which included: (1) the knowing submission of claims for services that had previously been submitted which resulted in duplicate payments to

Defendants; (2) the knowing submission of claims for services not provided; and (3) the knowing submission of claims for services without a corresponding medical service.

The Amended Complaint describes each scheme. For example, with respect to the allegations that Defendants submitted false claims which resulted in duplicate payments to Defendants, the Amended Complaint alleges that the Illinois Department of Healthcare and Family Services (DHFS) authorizes payment to transportation providers for qualified services that are actually provided. A provider may only be reimbursed one time for each service, and successive payments for the same service are not authorized. According to the Amended Complaint, Defendants knowingly presented multiple claims for the same purported transportation services without regard for whether DHFS had already paid Defendants for that particular service.

The Amended Complaint provides an example of a duplicate claim where, on or about January 30, 2008, Defendants submitted a claim for transporting a Medicaid recipient, "C.D.," on January 25, 2008. Upon

receiving the claims from Defendants, on March 12, 2008, DHFS authorized payment to Defendants in the amount of $44.40, which represented a round trip paid at $22.20 each way. On or about April 3, 2008, Defendants submitted another claim for the same transportation of "C.D." DHFS paid an additional $44.40 for the successive claim.

Plaintiffs attached "Attachment A," which lists the initials of each recipient; the date of service for each false, successive claim by Defendants; and a corresponding number for reference purposes. Attachment A purports to show the above information for 8,646 duplicate claims submitted by Defendants for which Defendants had already been paid by Medicaid.

As stated, the Amended Complaint also alleges that Defendants billed for services that were not actually provided. This category of allegations is further divided into two subcategories.

First, Plaintiffs allege that Defendants billed for transporting Medicaid recipients at times when the Medicaid recipients were hospitalized and unavailable for transport. As an example, the Amended

Complaint alleges that, on or about February 8, 2008, Defendants submitted a claim for transporting recipient "M.D." to and from a particular location on February 2, 2008.  The Amended Complaint further alleges that Defendants did not transport M.D. on that date because M.D. was hospitalized at that time.  Plaintiffs attached "Attachment B," which contains the initials of each recipient, the date of service for each false claim submitted by Defendants for a purported transportation service at a time when the Medicaid recipient was hospitalized, and a corresponding identifying number.  Attachment B purports to show the above information for 311 false claims submitted by Defendants for transportation services on dates for which the Medicaid recipient was hospitalized.

  Second, Plaintiffs allege Defendants billed for transportation services provided on dates the Medicaid recipients did not receive corresponding medically necessary care from a covered entity.  As an example, the Amended Complaint references the case of "H.B."  The Amended Complaint alleges Defendants submitted a claim on or about

July 23, 2009, for purportedly transporting H.B. to and from a particular location on July 15, 2009.  According to the Amended Complaint, C.B. did not receive corresponding medically necessary care by a covered entity on July 15, 2009.

Plaintiffs attached to the Amended Complaint "Attachment C," which contains the initials of each recipient, the date of service for each false claim submitted by Defendants for a purported transportation service on a date for which the recipient received no corresponding medically necessary care from a covered entity, and a corresponding number for reference purposes.  Attachment C purports to show the above information for 1,760 false claims submitted by Defendants for a purported transportation service on a date for which the recipient received no corresponding medically necessary care from a covered entity.

## II.  JURISDICTION AND VENUE

The federal questions posed by Plaintiffs' claims under the False Claims Act give this Court subject-matter jurisdiction.  See 28 U.S.C. §

1331 and § 1345. Personal jurisdiction and venue requirements are satisfied because a substantial part of the relevant acts occurred in this judicial district and a substantial part of the property that is the subject of this action was situated in this district. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (personal jurisdiction exists where a defendant "purposefully avail[ed] [himself or herself] of the privilege of conducting activities" in the forum state); 31 U.S.C. § 1391(b)(2) (venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated); 31 U.S.C. § 3732(a) (venue is proper in any judicial district in which any act proscribed by 31 U.S.C. § 3729 occurred). This Court has supplemental jurisdiction over the claims asserted under Illinois state law pursuant to 28 U.S.C. § 1367, as they are so related to the claims within the Court's federal question jurisdiction that they form part of the same case or controversy. See 31 U.S.C. § 3732(b) (giving jurisdiction to district courts "over any action brought under the laws of any State for

the recovery of funds paid by a State or local government if the action arises from the same transaction or occurrence as an action brought under section 3730").

### III.  LEGAL STANDARD

A.  Rule 12(b)(6) of the Federal Rules of Civil Procedure

Under Rule 12(b)(6), dismissal is proper where a complaint fails to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).  To state a claim upon which relief can be granted, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  That statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis.  Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929, 940 (2007).  This means that: (1) "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests" and (2) its allegations must plausibly suggest that the

plaintiff has a right to relief, raising that possibility above a "speculative level." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007). While detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555, 127 S.Ct. at 1965, 167 L.Ed.2d at 940. Conclusory allegations are "not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 681, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868, 885 (2009) (citing Twombly, 550 U.S. 544 (2007)). "In ruling on Rule 12(b)(6) motions, the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." In re marchFIRST Inc., 589 F.3d 901, 904 (7th Cir. 2009) (citing Tamayo, 526 F.3d at 1081).

B.  Rule 9(b) of the Federal Rules of Civil Procedure

Because the FCA is an anti-fraud statute, claims brought pursuant to the FCA are subject to the heightened pleading requirements of Rule 9(b). U.S. ex rel. Walner v. NorthShore Univ. Healthsystem, 660 F. Supp. 2d 891, 895 (N.D. Ill. 2009). Rule 9(b) requires a party alleging

fraud or mistake to "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b). Fraud claims must identify: (1) the person who made the alleged misrepresentation; (2) the time, place, and content of the misrepresentation; and (3) the method by which the misrepresentation was communicated. General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1078 (7th Cir. 1997) (citing DiLeao v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990) (stating that plaintiffs must plead the "who, what, when, where, and how" of the alleged fraud)).

IV.  ANALYSIS

In their Motion to Dismiss, Defendants claim Plaintiffs' Amended Complaint should be dismissed because: (1) the claims are barred by the relevant statutes of limitations, and(2) the claims in Counts I and III lack the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

A.  Plaintiffs' Claims Are Not Barred By the Statutes of Limitations

The FCA's statute of limitations is found at § 3731(b), which provides that no civil action under § 3730 may be brought:

> (1) more than 6 years after the date on which the violation is committed, or
>
> (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed,
>
> whichever occurs last.

31 U.S.C. § 3731(b).  The IFCA tracks the relevant limitations provisions in the FCA, substituting the appropriate State references for the federal ones contained in the FCA.  See 740 ILCS 175/5(b).

Here, Relator filed his complaint on November 7, 2006.  As stated, after several extensions of time to consider whether to intervene, Plaintiffs elected to do so and then filed their original complaint on August 8, 2011 and their Amended Complaint on November 9, 2011.  Defendants contend that all claims filed prior to August 8, 2008,

are barred by the three-year statute of limitations set forth in both 31 U.S.C. § 3731(b) and 740 ILCS 175/5(b).  Specifically, Defendants claim that Plaintiffs had all of the necessary information to bring a complaint regarding duplicative claims at the moment the duplicate claim was submitted.  Defendants also claim that Plaintiffs should have known about claims for transportation services while the recipient was in the hospital or when there was no corresponding medical service provided at that time.

 However, these statutes provide that a claim may not be brought more than six years after the date on which the violation is committed or more than three years after the date when facts material to the right of action are known or reasonably should have been known by the relevant official charged with responsibility to act in the circumstances, "<u>whichever</u> <u>occurs</u> <u>last</u>."  31 U.S.C. § 3731(b) (emphasis added); 740 ILCS 175/5(b) (emphasis added).  A plain reading of both 31 U.S.C. § 3731(b) and 740 ILCS 175/5(b) demonstrates that a three-year statute of limitations does not apply here.

Moreover, Rule 15 of the Federal Rules of Civil Procedure states that an amendment to a pleading relates back to the date of the original pleading when the law that provides the applicable statute of limitations allows relation back. Section 3731(c) of the FCA and 740 ILCS 175/5(c) allow relation-back of the Government's and State's complaint-in-intervention to the filing date of a relator's original complaint to the extent that the claims of the Government and State arise "out of the conduct, transactions, or occurrences set forth, or attempted to be set forth, in the prior complaint of" the relator. 31 U.S.C. § 3731(c); 740 ILCS 175/5(c)

Furthermore, Rule 15(c)(1)(B) similarly provides that an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed.R.Civ.P. 15(c)(1)(B). Similar language is found at Rule 15(c)(2) in previous versions of Rule 15. <u>See</u> Fed.R.Civ.P. 15(c)(2) (2006). Notably, Illinois' relation-back provision is found in

Section 2-616(b) of the Code of Civil Procedure (735 ILCS 5/2-616(b)) and sets forth the same test as Rule 15(c) in the federal context.  See White v. City of Chicago, 631 F. Supp. 2d 1073, 1074 (N.D. Ill. 2009) (stating that Section 2-616(b) is Illinois' "relation-back provision that codifies essentially the same test as Rule 15(c) in the federal context"); see also 735 ILCS 5/2-616(b) (stating that an amended pleading will relate back to the original pleading if the claim in the "amended pleading grew out of the same transaction or occurrence set up in the original pleading").

In United States ex rel Dismissed Relator, et al. v. MCS Medical Transportation, et al., No. 11-3281, slip op. at 15 -24 (C.D. Ill. September 24, 2012), this Court concluded that even in the absence of the relation-back provisions of 31 U.S.C. § 3731(c) and 740 ILCS 175/5(c), Rule 15(c)(1)(B) (formerly Rule 15(c)(2)) allows for the Government's complaint-in-intervention to relate back to the relator's original complaint if the claims arise out of the same conduct, transaction, or occurrence.

Therefore, in the case sub judice, the question is whether the allegations in the Amended Complaint arise out of the same conduct, transactions, or occurrences set forth, or attempted to be set forth, in Relator's November 2006 complaint. After comparing the allegations in the Amended Complaint to those set forth, or attempted to be set forth, in Relator's original complaint, the Court concludes that the allegations in the Amended Complaint do arise out of the same conduct, transactions, or occurrences set forth in Relator's original complaint.

Relator's original complaint alleged L & L knowingly made, used, or caused to be made or used false records or statements to get a false and/or fraudulent claim for medical transportation services paid or approved by DHFS. Relator's original complaint further alleged that all defendants, including L & L, knowingly submitted claims seeking reimbursement for medical transportation services never rendered. Specifically, Relator alleged he had knowledge that all defendants named in the original complaint billed multiple times for a single transportation trip, billed for multiple transportation services to a single recipient

within a given time period, and billed for medical transportation services during periods when those recipients were hospitalized receiving inpatient medical care.  Finally, Relator's original complaint alleged MCS presented unknown additional false and/or fraudulent requests to DHFS for Medicaid reimbursement.

The Amended Complaint alleges Defendants: (1) knowingly submitted multiple claims for the same transportation service that had previously been paid, and (2) knowingly billed for services not actually provided by: (a) submitting claims for transporting Medicaid recipients at a time when those recipients were hospitalized, and (b) submitting claims for transporting Medicaid recipients on dates when those recipients received no corresponding medically necessary care.  The Court concludes that the allegations in the Amended Complaint arise out of the conduct, transactions, or occurrences set forth, or attempted to be set forth, in the Relator's original complaint.  Therefore, the Amended Complaint relates back to Relator's original complaint and is timely,

B. Plaintiffs' Complaint Satisfies Rule 9(b)'s Particularity Requirement

As stated, Rule 9(b) contains a heightened pleading standard for claims of fraud.  Fraud claims must identify: (1) the person who made the alleged misrepresentation; (2) the time, place, and content of the misrepresentation; and (3) the method by which the misrepresentation was communicated.  <u>General Elec. Capital Corp</u>, 128 F.3d at 1078.  As shown in the above recitation of the Amended Complaint's allegations, the Amended Complaint satisfies these requirements by pleading the who, what, when, where, and how of the alleged fraud.  Plaintiffs have plead:  (1) which individual Defendants were involved with L & L at the relevant times and in what capacity they were involved; (2) the fraudulent schemes they are alleging and how these schemes were allegedly carried out, including providing examples of each scheme; and (3) when the false billings occurred.

### III. CONCLUSION

THEREFORE, Defendants' Motion to Dismiss (d/e 19)is DENIED. This matter is referred back to Judge Cudmore for further pre-trial

proceedings.

IT IS SO ORDERED.

ENTER: October 3, 2012

   FOR THE COURT:

  s/ Sue E. Myerscough
SUE E. MYERSCOUGH
United States District Judge
